NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**SHERWANDA L. PERRY,**
*Petitioner,*

v.

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent.*

---

2010-3119

---

Petition for review of the Merit Systems Protection Board in CH0831090853-I-1.

---

Decided: October 13, 2010

---

SHERWANDA L. PERRY, of St. Louis, Missouri, pro se.

SARA B. REARDEN, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, for respondent. With him on the brief were JAMES M. EISENMANN, General Counsel, and KEISHA DAWN BELL, Deputy General Counsel.

---

Before LOURIE, LINN, and PROST, *Circuit Judges*.

PER CURIAM.

Sherwanda L. Perry ("Perry") appeals from a final decision of the Merit Systems Protection Board ("Board") dismissing her appeal as untimely filed. *Perry v. Office of Pers. Mgmt.*, No. CH-0831090853-I-1 (Mar. 18, 2010) (final order denying petition for review). For the reasons discussed below, we *affirm*.

### BACKGROUND

Perry filed an application for death benefits with the Office of Personnel Management ("OPM") on May 19, 2008. Perry claimed entitlement to a survivor annuity as the former spouse of a United States Postal Service employee who was covered by the Federal Employee's Retirement System. OPM denied Perry's application on September 23, 2008. OPM subsequently denied her request for reconsideration on January 8, 2009, and informed her of her right to appeal to the Board "within 30 calendar days after the date of this decision, or 30 days after receipt of this decision, whichever is later." Perry received the reconsideration decision on January 16, 2009.

Perry filed an appeal with the Board on August 14, 2009. On October 30, 2009, the administrative judge ("AJ") issued an initial decision dismissing her appeal as untimely filed. *Perry v. Office of Pers. Mgmt.*, No. CH-0831090853-I-1 (Oct. 30, 2009). In reaching this conclusion, the AJ found that Perry's appeal from OPM should have been filed by February 15, 2009,[1] thirty days after her receipt of the decision and nearly six months prior to

---

[1] Given that February 15, 2009, was a Sunday, the deadline for filing was February 16, 2009, the first workday after that date. *See* 5 C.F.R. § 1201.23.

the date she filed her appeal. The AJ determined that Perry "failed to establish good cause for her untimely filed appeal."

On March 18, 2010, the Board denied Perry's petition for review and the decision became final. Perry appeals from the Board's final decision. This Court has jurisdiction of her appeal under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We must affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). The waiver of a regulatory time limit based on a showing of good cause "is a matter committed to the Board's discretion and [we] will not substitute [our] own judgment for that of the Board." *Mendoza v. Merit Sys. Prot. Bd.*, 966 F.2d 650, 653 (Fed. Cir. 1992) (en banc).

The Board observed, correctly, that a petitioner's delay in filing is excusable where the petitioner has exercised due diligence or ordinary prudence under the circumstances. *Id.* at 653. The petitioner bears the burden of demonstrating excusable delay. *Id.* The Board therefore required Perry to prove facts showing that she exercised due diligence or ordinary prudence in filing her appeal nearly six months after the February 16, 2009, time limit.

Substantial evidence supports the Board's conclusion that Perry did not meet this burden. In her appeal to the Board, Perry explained that she "just recently located [her] files" and that her appeal was delayed because OPM gave her an incorrect address for filing an appeal with the

Board. Perry claims that her appeal, filed in August 2009, was actually her second appeal; she claims to have mailed her first appeal to the incorrect address. Perry did not, however, substantiate either the fact that she received an incorrect address from OPM or that she had "mailed [her first appeal] within the 30 days stated," as she claims. The requirement to establish good cause cannot be satisfied by argument alone, and, here, Perry failed to furnish any probative evidence to support her contentions. Substantial evidence thus supports the Board's conclusion that Perry failed to establish good cause for her nearly six-month delay in filing her appeal from OPM's decision, and the Board did not abuse its discretion by refusing to waive the regulatory time limit for Perry's appeal.

For the foregoing reasons, the decision of the Board is affirmed.

## AFFIRMED

### COSTS

Each party shall bear its own costs.